IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| Ahmed Alrweni, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 1:20-cv-00641 |
| | § | |
| Accenture Flex LLC, | § | COLLECTIVE ACTION |
| | § | |
| Defendant | § | DEMAND FOR JURY TRIAL |

**PLAINTIFF'S ORIGINAL COMPLAINT**

NOW COMES Plaintiff Ahmed Alrweni ("Plaintiff" or "Alrweni"), on behalf of himself and all others similarly situated, who files this Original Complaint against Defendant Accenture Flex LLC ("Defendant" or "Accenture Flex"), showing in support as follows:

**I.   INTRODUCTION AND NATURE OF ACTION**

1.  This is an action brought under the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262 (collectively, the "FLSA"), for Defendant's failure to pay all due and owing overtime wages to its non-exempt, hourly-paid employees.

2.  Plaintiff files this lawsuit on behalf of himself and as a putative collective action on behalf of all other similarly situated employees of Defendant.

3.  Plaintiff was a non-exempt, hourly paid content reviewer employee of Defendant during the three-year period prior to the filing of this lawsuit. At times relevant to this lawsuit, Defendant failed to pay Plaintiff all overtime premium pay that he was entitled to for hours worked over 40 in a workweek (*i.e.*, at times, Plaintiff received only his "straight-time" pay). During those times, Defendant underpaid Plaintiff at the rate of half of his regular rate of pay per

1

hour (*i.e.*, Defendant failed to pay Plaintiff "overtime premium pay"). *See* 29 U.S.C. § 207(a)(1) ("[. . .] [N]o employer shall employ any of his employees [. . .] for a workweek longer than forty hours unless such employee receives compensation [for hours over forty] at a rate not less than one and one-half times the regular rate at which he is employed.").

4. Defendant paid all of its non-exempt content reviewers on an hourly basis, and similarly frequently failed to pay all due and owing overtime premium pay to those employees when they worked over forty hours in a workweek, which occurred frequently. This employment policy or practice violated the FLSA.

5. Now, therefore, Plaintiff seeks damages on behalf of himself and the putative Collective Action Members as the result of Defendant's failure to pay Plaintiff and similarly situated non-exempt, hourly-paid employees overtime premium pay for all hours worked over forty in a workweek.

6. Plaintiff and the putative Collective Action Members seek all damages available under the FLSA, including back wages, liquidated damages, legal fees, costs, and post-judgment interest.

## II.    THE PARTIES

### A.    Plaintiff Ahmed Alrweni

7. Plaintiff Ahmed Alrweni is an individual residing in Travis County, Texas.

8. Alrweni was employed by Defendant Accenture Flex LLC from on or about to on or about January of 2019 through on or about March of 2020.

9. Plaintiff's written consent to participate in this action is filed with this Original Complaint as Exhibit 1.

### B.    Putative Collective Action Members

10. The putative Collective Action Members are all current and former hourly-paid content reviewers who were not paid all overtime premium pay owed to them for all hours worked over 40 each workweek, within the three years prior to the date of filing this Complaint through the date of the final disposition of this action.

### C. Defendant Accenture Flex LLC

11. Defendant Accenture Flex LLC ("Accenture Flex") is a limited liability company formed in Delaware doing business in the state of Texas.

12. Defendant's principal place of business is at 161 N. Clark Street; Chicago, IL 60601.

13. Defendant may be served in Texas through its registered agent Corporate Creations Network Inc., located at 5444 Westheimer #1000; Houston, TX 77056.

14. At all times relevant to this lawsuit, Defendant has been an "enterprise engaged in commerce" as defined by the FLSA.

15. At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce and/or who handled, sold, or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

16. At all times relevant to this lawsuit, Defendant has had gross operating revenues or business volume in excess of $500,000.

### III.   JURISDICTION AND VENUE

17. This Court has federal question jurisdiction over all claims pursuant to 28 U.S.C. § 1331.

18. The United States District Court for the Western District of Texas has personal jurisdiction over Defendant because Defendant does business in Texas and in this District, and

because many of the acts complained of and giving rise to the claims alleged herein occurred in Texas and in this District.

19.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims alleged herein occurred in this District.

## IV.  FACTUAL BACKGROUND

20.  Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

21.  Accenture Flex is fundamentally a staffing company that provides employees to work on projects of fixed duration. *See Why Accenture Flex?*, Accenture Flex, https://www.accenture.com/us-en/careers/accenture-flex (last visited June 16, 2020).

22.  Plaintiff began to work for Accenture Flex as a content reviewer in Austin, Texas on or about January of 2019. He was tasked with viewing and flagging YouTube videos that were likely created by terrorist organization for removal.

23.  At all times relevant to this lawsuit, Plaintiff was a non-exempt hourly-paid employee of Accenture Flex. He earned approximately $18.50-$20.00 per hour, and should have been paid overtime when he worked in excess of 40 hours per workweek.

24.  However, on several occasions, Defendant did not pay him for time worked in excess of forty per workweek.

25.  For instance, based on earning statements issued by Accenture Flex to Plaintiff, in the pay period of October 1, 2019, through October 15, 2019, Plaintiff worked 88 hours for those two workweeks, which means that Plaintiff worked at least 8 hours of overtime. The earning statement shows that Plaintiff did not get paid overtime premium pay, but received only his hourly pay for all hours worked in that pay period, (*i.e.*, 88 hours of work multiplied by $18.50

per hour, totaling $1,628.00). This also occurred in the pay period of November 1, 2019, through November 15, 2019. Under the FLSA, he should have earned at least an additional $74.00 in overtime premium pay in those pay periods (*i.e.* 8 hours of overtime work multiplied by the additional half-time premium rate of $9.25).

26.     Similarly, in the pay period of October 16, 2019 through October 31, 2019, Plaintiff worked 95 hours in the two-week pay period, which means that he worked at least 15 hours of overtime. However, once again Plaintiff's earning statements show that he received only his hourly pay for all hours worked in that pay period, (*i.e.* 95 hours of work multiplied by $18.50 per hour, totaling $1,757.50). Under the FLSA, he should have earned at least an additional $138.75 in overtime premium pay in that pay period (*i.e.* 15 hours of overtime work multiplied by the additional half-time premium rate of $9.25).

27.     Numerous other individuals similarly performed these job duties as content reviewers pursuant to the same pay policy and/or practice. Defendant's wage payment policy and/or practice resulted in Plaintiff and similarly situated content reviewers not being paid all overtime wages owed by Defendant in violation of the FLSA.

## V.     FLSA CLAIMS

28.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

### A.     FLSA Coverage

29.     All conditions precedent to this suit, if any, have been fulfilled.

30.     At all times relevant to this lawsuit, Defendant is/was an eligible and covered employer under the FLSA pursuant to 29 U.S.C. § 203(d).

31. At all times relevant to this lawsuit, Defendant is/has been an enterprise engaged in commerce under the FLSA pursuant to § 203(s)(1).

32. At all times relevant to this lawsuit, Defendant has employed, and continues to employ, employees including Plaintiff and the putative Collective Action Members who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207. Plaintiffs reviewed YouTube content that was commercial in nature, inasmuch as advertisements ran before and/or interstitially during the videos.

33. At all times relevant to this lawsuit, Defendant has employed two or more employees who regularly handled and/or worked on goods and/or materials in their daily work that were moved in and/or produced for commerce by other people. Examples of such goods and/or materials include office equipment, such as computers, computer-related equipment, and communication devices.

34. At all times relevant to this lawsuit, Defendant has had gross operating revenue or business volume in excess of $500,000.

**B.     FLSA Allegations**

35. The FLSA applied to Plaintiff and the putative Collective Action Members when they worked as hourly-paid employees of Defendant.

36. At all relevant times, Plaintiff and the putative Collective Action Members were non-exempt, hourly-paid employees of Defendant pursuant to the FLSA.

37. During the relevant time period, Plaintiff and the putative Collective Action Members did not receive overtime premium pay when they worked hours over forty in a workweek, but were frequently paid only their hourly rate of pay regardless of how many hours they worked per week.

38. This failure of Defendant to pay overtime premium pay to its employees was a violation of the FLSA. *See* 29 U.S.C. § 207(a)(1).

C. **Collective Action Allegations**

39. Plaintiff seeks to bring his claims under the FLSA on behalf of himself and all current and former hourly-paid employees of Defendant Accenture Flex who worked as content reviewers who were frequently denied overtime wages for all hours worked over forty in a workweek, within the three years prior to the date of filing this Complaint through the date of the final disposition of this action. Those who file a written consent will be a party to this action pursuant to 29 U.S.C. § 216(b).

40. Plaintiff has actual knowledge that putative Collective Action Members have been denied overtime premium pay for all hours worked over forty in a workweek. Plaintiff worked with other hourly-paid content reviewers who were employed by Defendant. This resulted in personal knowledge of the treatment of those co-workers, who were treated similarly to him with regard to the wage payment policy and/or practice in violation of the FLSA alleged herein.

41. The putative Collective Action Members are similarly situated to Plaintiff in all relevant respects, having worked on an hourly-pay basis relative to their work as content reviewers who frequently did not receive overtime premium pay for hours worked over forty in a workweek.

42. The putative Collective Action Members regularly work or have worked in excess of forty hours in a workweek.

43. Defendant's failure to pay overtime premium wages for any hour Plaintiff and the putative Collective Action Members worked over forty in a workweek results from generally

applicable policies or practices, and does not depend on the personal circumstances of any of the putative Collective Action Members.

44. The specific job titles or precise job responsibilities of each putative Collective Action Member do not prevent collective treatment.

45. Although the exact amount of damages may vary among the putative Collective Action Members, the damages owed to them are easily calculable using a simple formula uniformly applicable to all of them.

46. Plaintiff proposes that the class of putative Collective Action Members be defined as:

> **All current and former hourly-paid content reviewer employees of Defendant Accenture Flex who were not paid all overtime premium pay due to them for all hours worked over forty in a workweek, within the three years prior to the date of filing this Complaint through the date of the final disposition of this action.**

47. Plaintiff reserves the right to establish subclasses and/or modify class notice language as appropriate in any collective action certification motion or other proceeding.

48. Plaintiff further reserves the right to amend the definition of the putative class, or sub-classes therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

## VI.  CAUSE OF ACTION

**A.  Violation of the FLSA, Failure to Pay Overtime Premium Pay to Non-Exempt, Hourly-Paid Employees, 29 U.S.C. § 207(a)(1).**

49. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

50. The foregoing conduct, as alleged, violated the FLSA.

51. Plaintiff and the putative Collective Action Members were employees of Defendant under the FLSA. 29 U.S.C. § 203(d) & 203 (e)(1).

52. Defendant was and is required to pay its non-exempt, hourly-paid employees, Plaintiff, and the putative Collective Action Members, overtime wages at the rate of one and one-half times each employees' respective regular rate of pay for all hours worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

53. Defendant failed to pay Plaintiff and the putative Collective Action Members at the rate of one and one-half times each employees' respective regular rate of pay for all hours worked over forty in a workweek.

54. Defendant's conduct was willful and done to avoid paying overtime wages. 29 U.S.C. § 255(a). Therefore, Plaintiff and the putative Collective Action Members are entitled to recover damages based on the FLSA's extended three (3) year statutory limitations period. *Id.* Plaintiff seeks all damages to which he and the putative Collective Action Members are entitled under the FLSA on the bases of Defendant's willful failure to pay overtime premium pay, including back overtime wages, liquidated damages, attorneys' fees and costs, post-judgment interest, and specifically plead recovery for the three (3) year period preceding the filing of this lawsuit through its resolution.

## VII.   JURY DEMAND

55. Plaintiff hereby demands a jury trial on all causes of action and claims for relief with respect to which he and the putative Collective Action Members have a right to jury trial.

## VIII.   DAMAGES AND PRAYER

56. Plaintiff asks that the Court issue summons for Defendant to appear and answer, and that Plaintiff and the putative Collective Action Members be awarded a judgment against Defendant or order(s) from the Court for the following:

   a. An order conditionally certifying this case as an FLSA collective action pursuant to 29 U.S.C. § 216(b), and requiring notice to be issued to all putative Collective Action Members;

   b. An award of damages including all unpaid overtime wages, any other back pay available pursuant to the FLSA, liquidated damages, and restitution;

   c. Costs of action incurred herein, including expert fees;

   d. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

   e. Post-judgment interest; and

   f. Such other relief as the Court may deem just and proper.

Dated: June 19, 2020

    Respectfully submitted,

    By:   s/Melinda Arbuckle
           Melinda Arbuckle

**SHELLIST | LAZARZ | SLOBIN LLP**

Ricardo J. Prieto
State Bar No. 24062947
rprieto@eeoc.net
Melinda Arbuckle
State Bar No. 24080773
marbuckle@eeoc.net
Shellist Lazarz Slobin LLP
11 Greenway Plaza, Suite 1515
Houston, TX 77046
(713) 621-2277 – Telephone
(713) 621-0993 – Facsimile

ATTORNEYS FOR PLAINTIFF AND PUTATIVE COLLECTIVE ACTION MEMBERS